[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON GRANDPARENTS MOTION FOR RIGHT OF VISITATION
In this dissolution action initiated by the plaintiff, her parents seek intervention by finding a motion for visitation rights pursuant to General Statutes Sec. 46b-57. CT Page 1861
The court holds that the movants as grandparents of the minor child have standing as such and are hereby granted party status in this action.
After a full hearing, all interested parties represented by counsel, the court based on a preponderance of the credible, relevant and legally admissible evidence finds and rules as follows.
The plaintiff and the defendant intermarried on August 25, 1990, and have one child issue of their marriage, a son, T.J., born March 8, 1991.
By writ, summons and complaint, dated December 8, 1992, the plaintiff commenced this action for a dissolution of her marriage to the defendant.
On January 19, 1992, during pendente lite proceedings, pursuant to the parties agreement, the court entered orders which included, inter alia, a provision which prevented the movants from visiting with the child in their home until further orders of the court.
The movants are the parents of the plaintiff and the grandparents of T.J. who is 23 months old.
For many years the movants, both as foster and adoptive parents, have cared for children who have special needs and who require a degree of care ranging from close care to total care.
At present, residing with the movants are nine such children who have been diagnosed as therapeutic children requiring medical intervention. Two of the children have undergone tracheostomy procedures, others are palsied, some are very fragile and some suffer from severely disabling esotoric disease. Certain of the children are tube fed. In short, the care and maintenance of these children, involve an intensive effort on the part of the care givers in order to properly tend to their physical, psychological, educational and hygienic needs. Such care requires a large measure of dedication, patience, understanding, compassion and for the want of a better word, love, by the providers for the children. CT Page 1862
Since his birth and up to the time of his parents' separation, T.J. has visited with his grandparents at their home and has interacted with the special needs children. Since he has been able to walk and talk he has interfaced with the children and considers them close relatives.
The defendant in this action, the father of T.J., although he is not opposed to T.J.'s visiting his grandparents, objects to such visits taking place in the movants' home. Obviously, he feels that T.J.'s exposure to the special needs children is in someway deleterious or detrimental to him.
General Statutes Sec. 46b-56 states in part, "(a) In any controversy before the superior court as to the custody and care of minor children, and at any time after the return day of any complaint under Sec. 46b-45 (dissolution action), the court may at any time make or modify any order regarding . . . (b) In making or modifying any such order with respect to custody or visitation, the court shall be guided by the best interests of the child. . . ."
In Temple v. Meyer, 208 Conn. 404, 407-08 (1988), our supreme court stated, ". . . we note that as in any civil action of this nature, it is the plaintiff's burden of proof to show that visitation is in the child's best interest. See also Ubysz v. DiPietro, 185 Conn. 47, 57 (1981). The supreme court has expressly stated that the only criteria is the best interest of the child. Temple v. Meyer, supra 410.
The court concludes that the movants have sustained their burden of proving by a preponderance of the evidence that allowing T.J. to visit them in their home and his resulting interaction with the special needs children while there would be in T.J.'s best interest.
It is obvious that the defendant feels that such interaction with the children in the movants' home would not be in T.J.'s best interest. Such a stance can only be based on the defendant's fear that T.J.'s contact with the children is harmful to the physical and psychological well being of T.J.
The movants introduced into evidence the testimony of professionals, including social workers, a nurse, a therapist, and a teacher, who testified that, in their opinion, CT Page 1863 based on their expertise and experience, T.J. would not be harmed but would in fact benefit from his exposure to those children whose needs as a child are the same as his, but who have other needs that differ from his. The court agrees.
Those different from us in appearance, ability and physical condition oft times evoke in us fear, prejudice and intolerance. The defendant's fear that harm will come to T.J. because of contact with the children is unjustified.
If T.J. in the future, for whatever reason develop an aversion to special needs children it should be his choice of whether or not he wishes to sustain contact.
The fears and anxieties of others should not be imposed upon him.
The special needs children residing in the movants home are part of T.J.'s family. Those of the children that the movants have adopted are at law his uncles and aunts.
T.J.'s grandparents are people who voluntarily care for children who are difficult to place either in foster care or adoption. T.J. has been in contact with his grandparents and the children since his birth. It would not be in the best interest of T.J. to erect an arbitrary barrier and limit his visits with his grandparents to sites other than their home. The reality is that the grandparents are care providers for children of special needs, and do so in their home. Creating an out-of-bounds, artificial forbidden zone into which T.J. would be precluded from entering reflects the defendant's fear, not T.J.'s.
Accordingly, the court, having found that allowing T.J. to visit his grandparents in their home would be in his best interest, grants their motion for visitation rights and modifies the court's visitation order of January 19, 1993, to allow the plaintiff to bring T.J. to visit with his grandparents and to leave him there with his grandparents for such periods of time that may be reasonable under the circumstances.
SPALLONE STATE TRIAL REFEREE CT Page 1864